NEW YORK, May, 1827.

Marsh
v.
Rulifson.

---

### MARSH *against* RULIFSON.

ON error from Schenectady, C. P.

*J. Seelye,* for the defendant in error, moved to set aside the bill of exceptions, on which the writ of error was founded. The motion was grounded on affidavits that certain exceptions were taken by Marsh, the defendant *below, at the trial; and, afterwards, a bill of exceptions served on the attorney of the plaintiff below, who proposed amendments. That in the next vacation, the bill and amendments were transmitted by the attorney of the plaintiff below, to the judge who took the notes upon the trial, by him corrected; and at the next term the bill was delivered to the court, who examined, and signed and sealed it. But no notice of the time and place of settling the bill by the court, was served on the attorney for the plaintiff below. The bill was signed by the judges in open court.

Where a bill of exceptions in the C. P. is not settled at the trial, it should be set-
[*103]
tled on notice of the time and place, to the opposite attorney.
If this be not done, the court to which error is brought will not, for that reason, set aside the bill; but will allow it to be referred and settled on due notice.

*Seelye* cited 19 John. 246, 3 Cowen, 32.

*A. C. Paige,* contra.

*Curia.* Notice of the time and place of settling the bill, should have been given to the attorney of the plaintiff below. Let the bill be presented to the judges of the court below, and settled on the proper notice, in term.[1]

Rule accordingly.

[1] The following is the present practice in the state of New York: If the party who proposed the exceptions is not willing to adopt the amendments

NEW YORK, served on him by the opposite party, he must, within *four* days after the
May, 1827 receipt of the amendments, give notice to the other party to appear before
Lambert. the justice who tried the cause, within a convenient time, to have the excep-
v.
The People. tions and amendments settled. The time for settling the exceptions and
amendments must be specified in the notice and must not be less than *four*,
nor more than twenty days after the service of the notice.

The parties have the right to be heard by counsel before the justice, and
the justice will amend and correct the exceptions according to the facts.
He may correct his charge, even although the parties have agreed upon it,
and he may also insert such proof as goes to waive the exception.

The exceptions having been settled by the justice, have them engrossed
and folioed.

Formerly it was necessary that the exceptions should be signed and sealed
by the judge, and he might be compelled to do so by mandamus. But this
is no longer necessary, it being provided that the exceptions need not be
sealed or signed. Monell's Pr. 713.